USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___12/22/25___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IFEANYI C.,

              Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

25-CV-9129 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

This case has been referred to Magistrate Judge Barbara Moses for report and recommendation. (*See* Dkt. 5.)

The report and recommendation that a Magistrate Judge issues must be reviewed by the District Judge. However, if the parties consent under 28 U.S.C. § 636(c) to conduct all further proceedings before the Magistrate Judge, the Magistrate Judge will decide the case by issuing an opinion and order, and no District Judge review will be required. Consent to conduct all further proceedings before the Magistrate Judge is voluntary, and must be unanimous; that is, both parties must consent before the case can be decided by the Magistrate Judge. If both parties consent, counsel for Defendant must file on ECF a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form, a copy of which is attached to this Order (and also available at https://www.nysd.uscourts.gov/node/754).

Because this case involves a challenge to a final decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), it is subject to the Supplemental Rules for Social Security Actions and Local Social Security Rules 1.1 through 8.1. Copies of the Supplemental Rules for Social Security Actions and the Local Social Security Rules are attached to this Order. Under Supplemental Social Security Rules 4(b) and 6, the plaintiff's brief is due within 30 days after the Commissioner files an answer (that is, a certified copy of the administrative record). Under Local

Social Security Rule 4.1, the parties may stipulate to an extension of that deadline (as well as related deadlines for the Commissioner's brief and the plaintiff's reply brief).

Where, as here, the plaintiff is pro se, free legal assistance may be available from the New York County Lawyers' Association (NYCLA). A flyer providing contact information for the NYCLA program is attached to this Order.

Dated: New York, New York
         December 22, 2025                    **SO ORDERED**.

                                             _____
                                             **BARBARA MOSES**
                                             **United States Magistrate Judge**

AO 85 (Rev. 02/17) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No. _____ |
| _____ | ) |
| *Defendant* | ) |

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____          _____
                                                              *District Judge's signature*

                                                      _____
                                                              *Printed name and title*

Note:    Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

Print          Save As...          Reset



**New York**
County **Lawyers**
Association
**Social Security**
**SDNY Project**
*Pro Bono Programs*

## To all individuals who have <u>Social Security</u> or <u>Supplemental Security Income</u> cases:

The New York County Lawyers Association has provided free legal assistance to thousands of people who cannot afford lawyers. If you cannot afford a lawyer, you may qualify for free legal representation in your appeal in the Southern District of New York.

If you would like to consult with a lawyer, please call Carolyn A. Kubitschek, at (212) 349-0900. We cannot promise that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation in their federal appeals.

Sincerely,

*Anthe Maria Bova*

Anthe Maria Bova

General Counsel & Director of Pro Bono Programs

LII  > Federal Rules of Civil Procedure
 > **SUPPLEMENTAL RULES FOR SOCIAL SECURITY ACTIONS UNDER 42 U.S.C. § 405(g)**

# SUPPLEMENTAL RULES FOR SOCIAL SECURITY ACTIONS UNDER 42 U.S.C. § 405(g)

Rule 1.  Review of Social Security Decisions Under 42 U.S.C. § 405(g)

**(a) Applicability of These Rules.** These rules govern an action under 42 U.S.C. § 405(g) for review on the record of a final decision of the Commissioner of Social Security that presents only an individual claim.

**(b) Federal Rules of Civil Procedure.** The Federal Rules of Civil Procedure also apply to a proceeding under these rules, except to the extent that they are inconsistent with these rules.

Rule 2.  Complaint

**(a) Commencing Action.** An action for review under these rules is commenced by filing a complaint with the court.

**(b) Contents.**

 **(1)** The complaint must:

   **(A)** state that the action is brought under § 405(g);

   **(B)** identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;

**(C)** state the name and the county of residence of the person for whom benefits are claimed;

**(D)** name the person on whose wage record benefits are claimed; and

**(E)** state the type of benefits claimed.

**(2)** The complaint may include a short and plain statement of the grounds for relief.

## Rule 3.    Service

The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. If the complaint was not filed electronically, the court must notify the plaintiff of the transmission. The plaintiff need not serve a summons and complaint under Civil Rule 4.

## Rule 4.    Answer; Motions; Time

**(a) Serving the Answer.** An answer must be served on the plaintiff within 60 days after notice of the action is given under Rule 3.

**(b) The Answer.** An answer may be limited to a certified copy of the administrative record, and to any affirmative defenses under Civil Rule 8(c). Civil Rule 8(b) does not apply.

**(c) Motions Under Civil Rule 12.** A motion under Civil Rule 12 must be made within 60 days after notice of the action is given under Rule 3.

**(d) Time to Answer After a Motion Under Rule 4(c).** Unless the court sets a different time, serving a motion under Rule 4(c) alters the time to answer as provided by Civil Rule 12(a)(4).

## Rule 5.    Presenting the Action for Decision

The action is presented for decision by the parties' briefs. A brief must support assertions of fact by citations to particular parts of the record.

## Rule 6.    Plaintiff's Brief

The plaintiff must file and serve on the Commissioner a brief for the requested relief within 30 days after the answer is filed or 30 days after entry of an order disposing of the last remaining motion filed under Rule 4(c), whichever is later.

## Rule 7.    Commissioner's Brief

The Commissioner must file a brief and serve it on the plaintiff within 30 days after service of the plaintiff's brief.

## Rule 8.    Reply Brief

The plaintiff may file a reply brief and serve it on the Commissioner within 14 days after service of the Commissioner's brief.

### 2022 Advisory Committee Note

Actions to review a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g) have been governed by the Civil Rules. These Supplemental Rules, however, establish a simplified procedure that recognizes the essentially appellate character of actions that seek only review of an individual's claims on a single administrative record, including a single claim based on the wage record of one person for an award to be shared by more than one person. These rules apply only to final decisions actually made by the Commissioner of Social Security. They do not apply to actions against another agency under a statute that adopts § 405(g) by considering the head of the other agency to be the Commissioner. There is not enough experience with such actions to determine whether they should be brought into the simplified procedures contemplated by these rules. But a court can employ these procedures on its own if they seem useful, apart from the Rule 3 provision for service on the Commissioner.

Some actions may plead a claim for review under § 405(g) but also join more than one plaintiff, or add a defendant or a claim for relief beyond review on the administrative record. Such actions fall outside these Supplemental Rules and are governed by the Civil Rules alone.

The Civil Rules continue to apply to actions for review under § 405(g) except to the extent that the Civil Rules are inconsistent with these Supplemental Rules. Supplemental Rules 2, 3, 4, and 5 are the core of the provisions that are inconsistent with, and supersede, the corresponding rules on pleading, service, and presenting the action for decision.

These Supplemental Rules establish a uniform procedure for pleading and serving the complaint; for answering and making motions under Rule 12; and for presenting the action for decision by briefs. These procedures reflect the ways in which a civil action under § 405(g) resembles an appeal or a petition for review of administrative action filed directly in a court of appeals.

Supplemental Rule 2 adopts the procedure of Civil Rule 3, which directs that a civil action be commenced by filing a complaint with the court. In an action that seeks only review on the administrative record, however, the complaint is similar to a notice of appeal. Simplified pleading is often desirable. Jurisdiction is pleaded under Rule 2(b)(1)(A) by identifying the action as one brought under § 405(g). The Social Security Administration can ensure that the plaintiff is able to identify the administrative proceeding and record in a way that enables prompt response by providing an identifying designation with the final decision. In current practice, this designation is called the Beneficiary Notice Control Number. The elements of the claim for review are adequately pleaded under Rule 2(b)(1)(B), (C), (D), and (E). Failure to plead

12/22/25, 8:17 PM
Case 1:25-cv-09129-BCM   Document 11   Filed 12/22/25   Page 8 of 12
SUPPLEMENTAL RULES FOR SOCIAL SECURITY ACTIONS UNDER 42 U.S.C. § 405(g) | Federal Rules of Civil Procedure | U…

all the matters described in Rule 2(b)(1)(B), (C), (D), and (E), moreover, should be cured by leave to amend, not dismissal. Rule 2(b)(2), however, permits a plaintiff to plead more than Rule 2(b)(1) requires.

Rule 3 provides a means for giving notice of the action that supersedes Civil Rule 4(i)(2). The Notice of Electronic Filing sent by the court suffices for service, so long as it provides a means of electronic access to the complaint. Notice to the Commissioner is sent to the appropriate office. The plaintiff need not serve a summons and complaint under Civil Rule 4.

Rule 4's provisions for the answer build from this part of § 405(g): "As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are made." In addition to filing the record, the Commissioner must plead any affirmative defenses under Civil Rule 8(c). Civil Rule 8(b) does not apply, but the Commissioner is free to answer any allegations that the Commissioner may wish to address in the pleadings.

The time to answer or to file a motion under Civil Rule 12 is set at 60 days after notice of the action is given under Rule 3. If a timely motion is made under Civil Rule 12, the time to answer is governed by Civil Rule 12(a)(4) unless the court sets a different time.

Rule 5 states the procedure for presenting for decision on the merits a § 405(g) review action that is governed by the Supplemental Rules. Like an appeal, the briefs present the action for decision on the merits. This procedure displaces summary judgment or such devices as a joint statement of facts as the means of review on the administrative record. Rule 5 also displaces local rules or practices that are inconsistent with the simplified procedure established by these Supplemental Rules for treating the action as one for review on the administrative record.

All briefs are similar to appellate briefs, citing to the parts of the administrative record that support an assertion that the final decision is not supported by substantial evidence or is contrary to law.

Rules 6, 7, and 8 set the times for serving the briefs: 30 days after the answer is filed or 30 days after entry of an order disposing of the last remaining motion filed under Rule 4(c) for the plaintiff's brief, 30 days after service of the plaintiff's brief for the Commissioner's brief, and 14 days after service of the Commissioner's brief for a reply brief. The court may revise these times when appropriate.

‹ Rule G. Forfeiture Actions in Rem Up

Case 1:25-cv-09129-BCM    Document 11    Filed 12/22/25    Page 9 of 12

💼 Federal Rules of Civil
Procedure Toolbox

- Wex: Civil Procedure: Overview

Case 1:25-cv-09129-BCM    Document 11    Filed 12/22/25    Page 10 of 12

---

Accessibility
About LII
Contact us
Advertise here
Help
Terms of use
Privacy

# LOCAL SOCIAL SECURITY RULES

**Local Social Security Rule 1.1. Application of Rules**

These Local Social Security Rules are promulgated under 28 U.S.C. § 2071 and Fed. R. Civ. P. 83. They apply in all actions governed by the Supplemental Rules for Social Security Actions. These Local Social Security Rules take effect on January 1, 2025, and govern actions filed on or after that date.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

**Local Social Security Rule 4.1. Motions for Extensions of Time and Scheduling Orders**

Any party seeking an extension of the deadlines set forth in Supplemental Social Security Rules 4, 6, 7, or 8 must, prior to seeking the extension, attempt to meet and confer with the opposing party in a good faith effort to agree on a reasonable and comprehensive schedule for all future filings in the case. If the parties reach agreement, a joint motion containing the proposed schedule should be filed with the court for approval, and, if approved, will govern all remaining proceedings in the case. No further extensions will be granted absent compelling circumstances. If the parties are unable to reach agreement and file a joint motion, the party seeking the extension must include in its motion a description of the efforts made to reach agreement on a proposed schedule and the reasons why those efforts were unsuccessful.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

**Local Social Security Rule 5.1**. **Default Form and Length for Briefs**

The typeface, margins, and spacing of all briefs must comply with Local Civil Rule 7.1(b). Absent leave of Court, which must be requested at least seven days in advance, the following length limitations apply to the parties' briefs: if filed by an attorney or prepared with a computer, initial and opposition briefs may not exceed 8,750 words, and a plaintiff's reply brief may not exceed 3,500 words; if filed by a party who is not represented by an attorney and handwritten or prepared with a typewriter, initial and opposition briefs may not exceed 25 pages, and a plaintiff's reply brief may not exceed 10 pages. These limits do not include the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but do include material

1

contained in footnotes or endnotes. If a brief is filed by an attorney or prepared with a computer, the party must also provide a certificate of compliance as required by Local Civil Rule 7.1(c). To the extent the court permits a party to submit briefs longer than these limits, and expresses those limits in pages, each additional page must not contain more than 350 additional words if the brief is filed by an attorney or prepared with a computer.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### Local Social Security Rule 7.1. Obligations of Commissioner in Pro Se Cases

If a plaintiff appearing pro se fails to file a brief in support of the requested relief within the time period set forth in Supplemental Social Security Rule 6 (or such extended time period as the court may have granted), the Commissioner must nonetheless file a brief and serve it on the plaintiff within 30 days after the plaintiff's brief was due (or within such extended time period as the court may have granted).

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

### Local Social Security Rule 8.1. Opposition and Reply Briefs in Pro Se Cases

A plaintiff appearing pro se who fails to file an initial brief for the requested relief may nonetheless file a brief in opposition to the brief filed by the Commissioner pursuant to Local Social Security Rule 7.1. Such brief in opposition must be filed and served on the Commissioner within 14 days after service of the Commissioner's brief (or within such extended time period granted by the court). In such a circumstance, neither party is permitted to file a reply brief, absent leave of court.

*For relevant historical context for this local rule, consult the Appendix of Committee Notes.*

2